# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30775
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE EARL WHITE, JR., also known as Swang, also known as George Earl White,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CR-171-2

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

George Earl White, Jr., appeals his conviction and sentence for conspiracy to distribute methamphetamine, heroin, and cocaine. 21 U.S.C. §§ 841(a)(1), 846. He argues that the evidence linking him to the conspiracy was insufficient to support the guilty verdict. We review the preserved error de novo, *see United States v. Romans*, 823 F.3d 299, 311 (5th Cir. 2016), and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30775

review the evidence, both direct and circumstantial, as well as all reasonable inferences from that evidence, in the light most favorable to the verdict, *see United States v. Rose*, 587 F.3d 695, 702 (5th Cir. 2009).

The evidence indicated that White was the only individual connected to all of the locations from which law enforcement seized mailed drug packages; that White used two cell phones, in particular, with numbers ending in 1750 and 8454, to arrange the drug deals and delivery with his co-defendants and others; and that White supplied drugs to at least two dealers in central Louisiana, sometimes having Derrick Felton provide the drugs when White was unavailable. *See United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013); *United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011); *United States v. Garcia*, 567 F.3d 721, 732 (5th Cir. 2009). Despite White's dissatisfaction with the testimony of dealers to whom he provided narcotics, their credibility and the weight to assign their testimony were matters for the jury to decide. *See United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012). A reasonable trier of fact could conclude beyond a reasonable doubt from this evidence that White and Felton agreed to violate the narcotics laws by distributing methamphetamine, heroin, and cocaine; that White had knowledge of the agreement; and that he voluntarily participated in the agreement. *See Romans*, 823 F.3d at 311; *United States v. Bowen*, 818 F.3d 179, 186 (5th Cir. 2016).

White additionally argues that the evidence was insufficient to support the drug weights attributed to him at sentencing, contending specifically that the narcotics seized as part of a traffic stop of Felton should not have been attributed to him. We review findings of fact such as attributable drug quantity for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). "A factual finding is not clearly erroneous as long as it is plausible

2

in light of the record as a whole." *Id.* (internal quotation marks and citation omitted). Multiple witnesses connected White to the 8454 number, and texts to and from that number discussing a drug deal specifically referencing the weights of the seized drugs render plausible that the methamphetamine, heroin, and cocaine found in the truck were part of the conspiracy. *See id.* at 246. White has failed to show that the district court clearly erred in including the drug amounts from the traffic stop seizure in sentencing him. *See id.*

White's challenge to the two-level increase to his offense level under U.S.S.G. § 3B1.1(c), which we also review for clear error, is equally unavailing. *See United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015). The evidence at trial showed that, while Felton was in San Diego, White was to provide the addresses for mailing the drugs and instructed Felton to confirm the quality of the drugs that Felton was purchasing and to stop using a particular cell phone line to communicate. *See id.* at 283. Additionally, after Felton's arrest, text messages between other parties connected to Felton and White support the conclusion that the parties viewed White as having authority and resources unavailable to others. *See Betancourt*, 422 F.3d at 246. The uncontroverted evidence in the presentence report additionally indicated that Felton and White shared authority in the conspiracy, that White provided methamphetamine and heroin to another dealer who distributed it, and that Felton deferred to White regarding at least certain purchases. *See Ochoa-Gomez*, 777 F.3d at 283. The evidence at trial and in the presentence report plausibly supported the two-level increase to White's offense level under § 3B1.1(c), and White fails to show that the district court clearly erred in imposing the enhancement. *See id.*

The judgment of the district court is AFFIRMED.